1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TRADEWINDS TOWING, LLC, AS ALLEGED OPERATOR, AND MAGAZINE TUG, LLC, AS OWNER, OF THE VESSEL REBEKAH, OFFICIAL NUMBER 623866, AND HER ENGINES, MACHINERY, GEAR, TACKLE, APPAREL AND ALL OTHER APPURTENANCES, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | IN ADMIRALTY<br><br>NO. 2:24-cv-00246<br><br>**COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

  **COME NOW**, through undersigned counsel, Tradewinds Towing, LLC and Magazine Tug, LLC (collectively "Limitation Petitioners"), as alleged operator and owner of the M/V REBEKAH, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), who files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully aver upon information and belief as follows:

  1.  This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY - 1
CASE NO. 2:24-CV-00246

action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.  This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

2.      The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioners seek exoneration from or limitation of liability through these proceedings. As of the date of this filing, Limitation Petitioner Tradewinds Towing, LLC has been sued by Stephen Dufrene ("Dufrene") for personal injuries under the Jones Act (46 U.S.C. § 30104) in the Superior Court of the State of Washington in and for the County of King, bearing Case No. 23-2-16972-7, styled *Stephen Dufrene v. Foss Maritime Company and Tradewinds Towing Company*. Venue is therefore proper in the United States District Court for the Western District of Washington, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.      At all times pertinent hereto, Limitation Petitioner, Tradewinds Towing, LLC is a Louisiana company with its principal place of business in New Orleans, Louisiana. At all material times, Tradewinds Towing, LLC was Dufrene's employer. Foss Maritime Company, LLC and Foss Offshore Wind Holdings, LLC (potential claimants identified below) have alleged that Tradewinds, Towing, LLC was the operator of the Vessel. To the extent that Tradewinds Towing, LLC is found to be the operator of the Vessel, it is entitled to limit its liability "as owner" pursuant to 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act").

4.      At all times pertinent hereto, Limitation Petitioner, Magazine Tug, LLC is a Louisiana company with its principal place of business in New Orleans, Louisiana. On the day of

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY - 2
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

Dufrene's alleged accident, Magazine Tug, LLC was the owner of the Vessel. Magazine Tug, LLC is entitled to limit its liability "as owner" pursuant to 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act").

5.     The M/V REBEKAH, Official No. 623866, is a U.S.-flagged towing vessel measuring seventy-three (73) total feet in length, twenty-six (26) feet in width, and eleven (11) feet in depth. The Vessel was built in 1980. The Vessel primarily operates as an offshore tug.

6.     At all times when they were responsible for doing so, Limitation Petitioners exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

7.     On May 1, 2023, Magazine Tug, LLC and Foss Offshore Wind Holdings, LLC executed a Bareboat Charter of the Vessel. On information and belief, Foss Offshore Wind Holdings, LLC entered into a Sub-Bareboat Charter of the Vessel with Foss Maritime Company, LLC.

8.     On May 5, 2023, Dufrene was working aboard the Vessel when he allegedly sustained injuries to his left foot and ankle while the Vessel was under charter and sub-charter by Foss Offshore Wind Holdings, LLC and Foss Maritime Company, LLC, respectively ("Incident"). Dufrene is at fault for the Incident for the following reasons, including but not limited to:

a)   Dufrene's own negligence, fault, assumption of the risk, and/or failure to mitigate;

b)   Failure to follow applicable safety rules and protocols;

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY - 3
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

c)  Failure to use due care under the circumstances; and

d)  Any other acts of negligence or fault that will be proven at trial.

9.      Limitation Petitioners were in no way negligent or at fault for the Incident. The Incident was likewise not caused by the alleged unseaworthiness of the Vessel.

10.      This Complaint is filed timely under Admiralty Rule F(1), because it was filed within six months from the date Limitation Petitioners received written notice of a claim on August 22, 2023 when Dufrene filed his lawsuit styled *Stephen Dufrene v. Foss Maritime Company and Tradewinds Towing Company*, Cause No. 23-2-16972-7, in the Superior Court of the State of Washington in and for the County of King.

11.      The aforementioned Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of Limitations Petitioners, their respective agents, servants, employees, or any other persons for whom Limitation Petitioners might be responsible, or by any unseaworthiness of the Vessel.

12.      Besides the aforementioned suit, Limitation Petitioners are, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens filed against Limitation Petitioners or the Vessel in connection with the Incident made the subject of this Complaint.

13.      Limitation Petitioners are entitled to exoneration and/or limitation under the circumstances.

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  4
CASE NO. 2:24-CV-00246

HARRIGAN, LEYH,
FARMER & THOMSEN, LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

14.     The Incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of Limitation Petitioners.

15.     Limitation Petitioners have a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against them in amounts exceeding the value of the Vessel and her pending freight. Specifically, as noted above, the lawsuit brought by Dufrene has been filed in connection with the Incident and Foss Offshore Wind Holdings, LLC and Foss Maritime Company, LLC have sought exoneration from and/or limitation of liability in this Court. Foss Offshore Wind Holdings, LLC and Foss Maritime Company, LLC will likely make claims against Limitation Petitioners for contractual and tort indemnity along with claims for contribution.

16.     Limitation Petitioners aver that the following persons and entities are the known potential claimants in this Limitation Action:

   a)  Stephen Dufrene
       c/o Brian Beckom *Pro Hac Vice*
       Brendan Fradkin *Pro Hac Vice*
       VB Attorneys
       6363 Woodway, Suite 400
       Houston, Texas 77057
       713-224-7800

   b)  Foss Offshore Wind Holdings, LLC
       c/o Raymond T. Waid
       Elizabeth A. Strunk
       701 Poydras Street, Suite 5000
       New Orleans, Louisiana 70139
       (504) 556-4042 Telephone

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  5
CASE NO. 2:24-CV-00246

HARRIGAN, LEYH,
FARMER & THOMSEN, LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

(504) 556-4108  Facsimile

c) Foss Maritime Company, LLC
c/o Raymond T. Waid
Elizabeth A. Strunk
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
(504) 556-4108  Facsimile

17.    The fair market value of the Limitation Petitioner's interest in the REBEKAH at the time of the incident was TWO MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO/100 ($2,500,000.00) U.S. DOLLARS total, and she had no pending freight. Accordingly, the total value of Limitation Petitioners' interest in the REBEKAH, and her pending freight is $2,500,000.00.  Limitation Petitioners hereby adopt the Declaration of Value submitted by Foss Offshore Wind Holdings, LLC and Foss Maritime Company, LLC for the M/V REBKEAH in a related Limitation Action regarding the same Incident which is pending before this Honorable Court as Case No. 2:24-cv-00237. (*See* Declaration of Value attached hereto as **Exhibit 1**).

18.    Limitation Petitioners aver that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of Limitation Petitioners or their respective agents, servants, employees, or any other persons for whom Limitation Petitioners might be responsible, or by any unseaworthiness of the Vessel, Limitation Petitioners are entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the Incident, as well as any and all claims related to the Incident

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  6
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

1   that have yet to be asserted.  Limitation Petitioners aver that they have valid and complete

2   defenses on the facts and on the law.

3        19.    Although Limitation Petitioners deny any liability to any party, and although

4   Limitation Petitioners do not know the extent, nature or total amount of all claims which may be

5   made for loss or damage arising out of the Incident described above, Limitation Petitioners

6   anticipate and believe that suits and claims will be asserted and prosecuted against Limitation

7   Petitioners in amounts exceeding the value of the Vessel at the conclusion of the voyage during

8   which the aforementioned Incident took place.

9        20.    As such, without admitting but affirmatively denying all liability, and strictly in

10  the alternative to its claim for exoneration from all liability, losses, damages and/or injuries

11  allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned,

12  or incurred on the subject voyage, Limitation Petitioners allege and aver that if Limitation

13  Petitioners should be held responsible to any person, entity or other party by reason of any fault

14  attributed to Limitation Petitioners,  their respective agents, servants, employees, or others for

15  whom Limitation Petitioners could be held responsible, or to the Vessel, in connection with the

16  above-described Incident, then Limitation Petitioners are entitled to and claims the benefit of

17  limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*.,

18  and all laws supplementary thereto and amendatory thereof, and all other applicable law and

19  jurisprudence, to limit their liability to TWO MILLION FIVE HUNDRED THOUSAND

20  DOLLARS AND NO/100 ($2,500,000.00) U.S. DOLLARS, the value of Limitation Petitioners'

21  interest in the Vessel immediately before and after the Incident.

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  7
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

21.     Should it later appear that Limitation Petitioners are or may be liable and that the amount or value of their interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

22.     Limitation Petitioners reserve the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the Incident was unavoidable by Limitation Petitioners, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the incident described herein.

23.     With this Complaint, Limitation Petitioners seek to preserve their right to limit their liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims. Limitation Petitioners are currently in the process of obtaining security and/or a bond and will deposit the proper security with the Court within thirty (30) days of the filing of this Complaint. It is not a jurisdictional prerequisite to claim the benefits of the Limitation Act that security be posted simultaneously

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  8
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

1

2

with the complaint or within six months of notice of a claim. *Guey v. Gulf Insurance Co.*, 46 F.3d 478, 481 (5th Cir. 1995). Pursuant to Supplemental Rule F(1), it is within the full discretion of the district court to direct Limitation Petitioner when to post security and the amount required. *Id.* This Complaint is being filed due to the requirement that such actions be filed within six months of notice of a claim subject to limitation. Once the security is posted, the limitation action may move forward in typical fashion with the issuance of an injunction and concursus of claims and notice to claimants with the deadline in which claimants may file against Limitation Petitioners.

3

4

5

6

7

8

9

24.     All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

10

11

12

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioners, Tradewinds Towing, LLC and Magazine Tug, LLC, respectfully request and pray:

13

14

1.     That this Honorable Court enter an order approving a temporary dispensation from security. That Limitation Petitioners shall post the security required by 46 U.S.C. § 30511(b) and Supplemental Admiralty Rule F(1) within thirty (30) days from filing this action;

15

16

17

18

2.     That once the Limitation Petitioners post security, this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which Tradewinds Towing, LLC and Magazine Tug, LLC seek exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Tradewinds Towing, LLC and Magazine Tug, LLC a copy thereof on or before the date specified in the notice,

19

20

21

22

23

24

25

26

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY - 9
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

1   or be forever barred and permanently enjoined from making and filing any claims with respect to

2   the Incidents described more fully herein;

3        3.     That once the Limitation Petitioners post security, this Honorable Court issue an

4   injunction restraining the commencement or prosecution of any action or proceeding of any kind

5   against Tradewinds Towing, LLC and Magazine Tug, LLC, their respective agents, servants,

6   affiliates, their employees, and all of their respective insurers, sureties, or underwriters, or any of

7   their property, including but not limited to the M/V REBEKAH, whether *in personam*, by

8   attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the Incident

9   described in this Complaint, or allegedly occurring during the subject voyage described in this

10  Complaint;

11       4.     That if any claimant who shall have filed a claim shall also file an exception

12  bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall

13  cause due appraisement to be had of the value of the Vessel following the Incident and of the

14  value of Tradewinds Towing, LLC and Magazine Tug, LLC's interest therein, following which

15  event this Court shall, if necessary, enter an Order for filing of an amended Letter of Undertaking

16  or other appropriate security for the aggregate value, as so determined, of Tradewinds Towing,

17  LLC and Magazine Tug, LLC's interest in said Vessel;

18       5.     That this Honorable Court adjudge that Tradewinds Towing, LLC and Magazine

19  Tug, LLC, their respective affiliated companies, agents, servants, employees, and all of their

20  respective insurers, sureties, and underwriters, and the M/V REBEKAH, are not liable to any

21  extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  10
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6.     Or, strictly in the alternative, if this Court should adjudge that Tradewinds Towing, LLC and Magazine Tug, LLC, their respective affiliates, agents, servants, employees, or any of their respective insurers, sureties or underwriters, and/or the M/V REBEKAH are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to TWO MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO/100 ($2,500,000.00) U.S. DOLLARS, the value of Tradewinds Towing, LLC and Magazine Tug, LLC's interest in the Vessel immediately after the incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging Tradewinds Towing, LLC and Magazine Tug, LLC, their respective affiliates, agents, servants, employees and all of their respective insurers, sureties and underwriters, and the M/V REBEKAH of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Tradewinds Towing, LLC and Magazine Tug, LLC, their respective affiliates, agents, servants, employees and all of their respective insurers, sureties and underwriters, or any of their property, including the M/V REBEKAH, in any way arising from or in consequence of the subject Incident, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7.     That Tradewinds Towing, LLC and Magazine Tug, LLC have such other and further relief as in law and justice they may be entitled to receive.

///

///

COMPLAINT FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY -  11
CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com

1

2  Respectfully submitted this 22nd day of February, 2024.

3                                    HARRIGAN, LEYH, FARMER &
                                     THOMSEN, LLP
4

5                                    By: *s/ Michelle Buhler*
6                                        Michelle Buhler (WSBA #16235)
                                         999 Third Avenue, Suite 4400
7                                        Seattle, WA 98104
                                         (206) 623-1700 Telephone
8                                        michelleb@harriganleyh.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  COMPLAINT FOR EXONERATION
    FROM AND/OR LIMITATION OF
    LIABILITY -  12
    CASE NO. 2:24-CV-00246

**HARRIGAN, LEYH,
FARMER & THOMSEN, LLP**
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700 Telephone
michelleb@harriganleyh.com